KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Julie Cvek Curley, Esq.
Email: JCurley@kacllp.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| D&D ELECTRICAL CONSTRUCTION COMPANY, INC., | District Court Docket No.: 24-8410 |
| Plaintiff, | Civil Action |
| -against- | Supreme Court of New York, New York County |
| JDS CONSTRUCTION GROUP LLC and 616 FIRST AVENUE LLC, | Index No. 655742/2021 |
| Defendants. | |

------------------------------------------------------------------X
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

| | |
|---|---|
| | Chapter 11 |
| D&D ELECTRICAL CONSTRUCTION COMPANY, INC., | Case No. 24-22694-SHL |
| Debtor. | |

------------------------------------------------------------------X

## NOTICE OF REMOVAL OF ACTION

**TO:   HONORABLE DISTRICT COURT JUDGE
         ASSIGNED TO THESE PROCEEDINGS:**

Pursuant to 28 U.S.C. §§157, 1334, 1441, 1146, and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above captioned debtor and debtor-in-possession, D&D Electrical Construction Company, Inc. (the "Debtor"), by and through its attorneys Kirby Aisner & Curley LLP, hereby gives notice of the removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United

States District Court for the Southern District of New York, and referral to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). In support of the Notice of Removal, the Debtor respectfully sets forth as follows:

## BACKGROUND

1. The Debtor was formed on November 24, 2010 and is an electrical contractor that performs services throughout the New York metropolitan area. The Company primarily provides installations and upgrades for private customers.

2. In or about August through September of 2015, the Debtor entered into series of six (6) written agreements (the "Contracts") with JDS Construction Group LLC ("JDS") pursuant to which the Debtor agreed to provide certain labor and materials, including but not limited to electrical work (the "Work") to a construction project (the "Project") located at 626 First Avenue, New York, New York 10016 (the "Property"), which Property is owned by 616 First Avenue LLC ("616", together with JDS, the "Defendants").

3. Pursuant to the Contracts and in consideration for the Work, the Debtor was to be paid a total of $21,900,000.00. The value of the change orders performed by the Debtor at the request of JDS totals $3,293,968.85. Combined with the $21,900,000.00 owed under the Contracts on their face, the complete amount agreed to for the Work was $25,193,969.10 (the "Contract Sum"). To date however, JDS and/or 616 has paid to the Debtor only a total of $23,237,887.71, leaving a balance of $ 1,956,081.14 (the "Contract Balance") due and owing. Between May 29, 2014 and January 9, 2019, the Debtor sent to JDS certain requisitions for payment for its Work at the Project totaling not less than $24,307,106.85. JDS partially paid those requisitions leaving the sum of $1,069,219.14 due and owing (the "Unpaid Requisitions").

4. In 2021, the Debtor filed a lawsuit against JDS to collect the Contract Balance and

Unpaid Requisitions in the New York Supreme Court, New York County captioned *D&D Electrical Construction Company Inc. v. JDS Construction Group LLC and 626 First Avenue LLC*, assigned Index No. 655742/2021 (the "State Court Action"). The docket for the State Court Action is annexed hereto as **Exhibit A.**

5. The State Court Action involves assets of the Debtor's chapter 11 estate insofar as it seeks to recover monies due and owing to the Debtor. Annexed as **Exhibit B** is the verified complaint (the "Complaint") filed by the Debtor on September 29, 2021 in the State Court Action. More specifically, the Complaint alleges causes of action for (i) Breach of Contract against JDS, (ii) Account Stated against JDS; (iii) Unjust Enrichment against JDS and 616; (iv) Quantum Meruit against JDS; and (v) Prompt Pay Act Violations – General Business Law § 756 against JDS.

6. One January 31, 2022, the Defendants filed an Answer to the Complaint with denials and Counter-Claims, which are attached as **Exhibit C**.

7. On February 22, 2022, the Debtor filed its Reply to Defendants' Counterclaims, which is attached as **Exhibit D.**

8. No motions have been filed in the State Court Action.

9. On August 6, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Case No. 24-22694 (the "Chapter 11 Case") the Debtor will be able to protect its current projects from termination as well expeditiously collect on its significant receivables, which would improve the Debtor's cash flow and enable the Debtor to fund a plan of reorganization, successfully emerge from bankruptcy and regain its position as a premier electrical construction contractor. Annexed as **Exhibit E** is the docket in the Chapter 11 Case.

**BASIS FOR RELIEF**

10. The claims in the State Court Action are properly removeable to the U.S. District Court pursuant to 28 U.S.C. §1452(a) and Rule 9027 of the Bankruptcy Rules.

11. The District and Bankruptcy Courts have jurisdiction over the claims asserted in the State Court Action pursuant to 28 U.S.C. § 1334 and 1452(a) because they (i) involve property of the Debtor's estate, and (ii) are related to the Chapter 11 Case. The Debtor's claims and causes of action asserted in the State Court Action against the Defendants are assets of the Debtor's Chapter 11 estate and necessarily impact the Debtor's Chapter 11 Case and reorganization.

12. Removal of the claims in the State Court Action and referral to the Bankruptcy Court best facilitates the Debtor's goals of efficiency and timely administration of the Debtor's affairs and assets through the Chapter 11 Case.

**A. Exclusive Jurisdiction**

13. Under 28 U.S.C. §1334(e), the U.S. District Court for the Southern District of New York has exclusive jurisdiction over the State Court Action as it relates to property of the Debtor and its estate.

14. 28 U.S.C. §1334(e) states:

> …The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction –
> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate…

15. Section 1334(e) provides the district and bankruptcy court where a bankruptcy case is pending with exclusive jurisdiction over property of a debtor's estate and is specifically intended to include claims and causes of action held by a debtor since they constitute property of the debtor's estate. *In re Homaidan*, 2023 WL 2922576, at *30 (Bankr. E.D.N.Y. 2023); *See, In re Noletto*, 244 B.R. 845, 850 (Bankr. S.D. Ala. 2000).

4

16. The causes of action and claims asserted by the Debtor in the Complaint filed in the State Court Action seeks recovery of monies due to the Debtor's estate, in excess of $2 million. Thus, the claims the Debtor is pursuing in the State Court Action are significant assets and property of the Debtor's estate.

17. Accordingly, this Court has exclusive jurisdiction over the State Court Action pursuant to 28 U.S.C. §1334(e).

**B. Original Jurisdiction**

18. This State Court Action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334(b), and is one which may be removed to this Court by the Debtor pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

19. 28 U.S.C. §1334(b) states, "…the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." A matter is "related to" a bankruptcy proceeding if it is a "core proceeding" within the meaning of 28 U.S.C §157(b). Section 157(b)(2) enumerates a nonexhaustive list of core proceedings.

20. The State Court Action is a "core proceeding" within the meaning of 28 U.S.C §157(b)(2) in that the State Court Action relates to (i) the Debtor's ability to collect monies due and owing to the Debtor, and thus impact the Debtor's ability fund its reorganize (Section 157(b)(2)(A)), and (ii) the Defendants have asserted counterclaims against the Debtor, which are claims against the Debtor's estate (Section 157(b)(2)(B)).

21. For the foregoing reasons, the claims and causes of action asserted by both the Debtor and Defendants in the State Court Action are "core proceedings" and thus the State Court

Action is related to the Chapter 11 Case as contemplated by 28 U.S.C. §1334(b), and removal is appropriate and warranted.

22.In the event that any of the claims in the State Court Action are determined to be non-core, the Debtor consents to the entry of a final order or judgment by the Bankruptcy Court.

## CONCLUSION

23.Removal of the State Court Action is appropriate since the U.S. District Court and Bankruptcy Court have both exclusive and original jurisdiction over the claims asserted by both the Debtor and Defendants therein.

24.Further, since the Debtor is a single asset real estate debtor as defined in 11 U.S.C. §101(51B), its reorganization is inextricably intertwined with the State Court Action and the Debtor submits that prosecuting both the Chapter 11 Case and the State Court Action in one central forum in in the best interests of the Debtor and its estate, as well as the Defendants.

25.In accordance with Bankruptcy Rule 9027, the Debtor will serve a file copy of this Notice of Removal on all parties to the State Court Action, as well as the Clerk of the Supreme Court of the State of New York, New York County, and the Clerk of the Bankruptcy Court.

**NOW THEREFORE,** the parties to the State Court Action are **HEREBY NOTIFIED** pursuant to Bankruptcy Rule 9027(c), that:

A. Removal of all claims and causes of action in the State Court Action was effected upon the filing of a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County.

B. The claims and causes of action in the State Court Action are removed from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York, and pursuant to 28 U.S.C.

§1452(a) are referred to the United States Bankruptcy Court for the Southern District of New York for hearing and determination in connection with the Chapter 11 Case.

C. The parties to the State Court Action shall proceed no further in the State of New York, Supreme Court unless and until the State Court Action is remanded by the Bankruptcy Court.

Dated: Scarsdale, New York
November 4, 2024

        KIRBY AISNER & CURLEY LLP
        *Attorneys for D&D Electrical Construction Company Inc.*
        700 Post Road, Suite 237
        Scarsdale, New York 10583
        (914) 401-9500

        By: */s/ Julie Cvek Curley*
            Julie Cvek Curley