SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------X

D&D ELECTRICAL CONSTRUCTION COMPANY INC.,

                               Plaintiff,

   -against-

JDS CONSTRUCTION GROUP LLC and 616 FIRST AVENUE LLC,

                               Defendants.
------------------------------------------------X

Index No.
Dated Filed: September 29, 2021

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

       **YOU ARE HEREBY SUMMONED**, to answer the Complaint in this action and to serve a copy of you Answer to the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the completion of service if service made in any manner other than personal delivery within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
        September 29, 2021

POLSINELLI PC

By: _____
Jason S. Samuels
Daniel J. Swayze
*Attorneys for Plaintiff*
*D&D Electrical Construction Company Inc.*
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199

79368700.1

To: JDS Construction Group LLC
600 Mamaroneck Avenue, Suite 400
Harrison, New York 10528

616 First Avenue LLC
600 Mamaroneck Avenue, Suite 400
Harrison, New York 10528

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
D&D ELECTRICAL CONSTRUCTION COMPANY INC.,

            Index No.

            Plaintiff,

-against-

            **VERIFIED**
            **COMPLAINT**

JDS CONSTRUCTION GROUP LLC and 616 FIRST
AVENUE LLC,

            Defendants.
---------------------------------------------------------------X

        Plaintiff D&D Electrical Construction Company Inc. ("D&D"), by its attorneys, Polsinelli PC, by way of Complaint and for damages against Defendants JDS Construction Group LLC ("JDS") and 616 First Avenue LLC ("616" and collectively, the "Defendants"), alleges as follows:

## THE PARTIES AND THE PROJECT

        1.      Plaintiff D&D is a domestic corporation with a principal place of business located at 18 West 27th Street, 12th Floor, New York, NY 10001

        2.      Upon information and belief, Defendant JDS is a domestic limited liability company with a principal place of business located at 600 Mamaroneck Avenue, Suite 400, Harrison, New York, 10528.

        3.      Upon information and belief, 616 is a foreign limited liability company with a principal place of business 600 Mamaroneck Avenue, Suite 400, Harrison, New York, 10528.

## FACTS COMMON TO ALL CAUSES OF ACTION

        4.      In or about August through September of 2015 D&D entered into a series of six (6) written agreements (the "Contracts") with JDS pursuant to which D&D agreed to provide certain labor and materials, including but not limited to electrical work (the "Work") to a construction project (the "Project") located at 626 First Avenue, New York, New York 10016 (the "Property").

1

79327195.6

5. Upon information and belief, 616 is and was at all relevant times here, the owner of the Property and the Project.

6. Each of the Contracts corresponded to various scopes of work and "phases" identified by JDS (e.g., switchgear, P Zero, P1, P2, P3 and P4) with respect to the Project.

7. Pursuant to the Contracts and in consideration for the Work, D&D was to be paid a total of $21,900,000.00.

8. Throughout the course of the Project, JDS treated the Contracts interchangeably, often intermingling directives, payments and funds. In addition, various work orders/change orders (referred to herein as "change orders") were issued as well with respect to the Project, some of which were unassociated with any of the individual Contracts.

9. In addition, D&D submitted change orders to JDS for extra work requested of JDS and provided by D&D.

10. The value of the change orders performed by D&D at the request of JDS totals $3,293,968.85. Combined with the $21,900,000.00 owed under the Contracts on their face, the complete amount agreed to for the Work was $25,193,969.10 (the "Contract Sum").

11. The Work D&D performed for the Project was at the request of and with the express consent and knowledge of JDS and 616.

12. D&D performed all of the Work requested by JDS as required under the Contracts and the change orders.

13. To date however, JDS and/or 616 has paid to D&D only a total of $23,237,887.71, leaving a balance of $1,956,081.14 (the "Contract Balance") due and owing.

14. Despite repeated demands by D&D for timely payment of the Contract Balance, JDS has failed to pay it.

## FIRST CAUSE OF ACTION
(Breach of Contract against JDS)

15. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

16. D&D performed all of the Work requested by JDS under the Contracts in a competent and workmanlike manner.

17. JDS failed to pay D&D the Contract Balance owed under the Contracts for the Work performed by D&D at the Project.

18. JDS's failure to pay the Contract Balance owed to D&D is a breach of the Contracts.

19. As a result of JDS's breach of the Contracts, D&D has suffered damages in an amount to be determined at trial, but which is believed to be not less than $1,956,081.14.

## SECOND CAUSE OF ACTION
(Account Stated against JDS)

20. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

21. Between May 29, 2014 and January 9, 2019, D&D sent to JDS certain requisitions for payment for its Work at the Project totaling not less than $24,307,106.85.

22. JDS partially paid those requisitions leaving the sum of $1,069,219.14 due and owing.

23. By retaining these requisitions and failing to refute any particular item contained therein, JDS expressly or implicitly agreed to the account.

24. Based on the foregoing, these requisitions and change orders constitute an account stated, and upon such account stated the amount of $1,069,219.14 is due to D&D.

25. JDS failed to pay the $1,069,219.14 account stated.

3

79327195.6

26. By reason of the foregoing, D&D has suffered, and is entitled to, damages in an amount to be determined at trial, but which is believed to be not less than $1,069,219.14, plus interest at the statutory rate of nine percent (9%) per annum.

## THIRD CAUSE OF ACTION
(Unjust Enrichment against JDS and 616)

27. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

28. In the alternative, if the Court finds that some of the Work performed by D&D was not performed under the Contracts, as set forth herein, D&D provided labor and materials to the Project at JDS and 616's specific request, the total unpaid value of which is $1,956,081.14.

29. JDS and 616 received substantial value as a result of D&D's provision of the work at the Project as described herein.

30. D&D has not been paid in full for that labor and material supplied and incorporated into the Property.

31. It would be unjust to allow JDS and 616 to retain the Work without payment therefore.

32. JDS and 616 have been unjustly enriched in the amount of $1,956,081.14.

33. By reason of the foregoing, D&D has suffered, and is entitled to, damages in an amount to be determined at trial, but which is believed to be not less than $1,956,081.14, plus interest at the statutory rate of nine percent (9%) per annum.

## FOURTH CAUSE OF ACTION
(*Quantum Meruit* against JDS)

34. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

4

79327195.6

35. In the alternative, if the Court finds that some of the Work performed by D&D was not performed under the Contracts, as set forth herein, D&D provided labor and materials to the Project at JDS's specific request, the total unpaid value of which is $1,956,081.14.

36. JDS accepted D&D's work and retained the benefits of said work without protest or objection thereto.

37. D&D performed the Work in good faith for JDS with the expectation of receiving compensation for that Work.

38. JDS accepted the Work performed by D&D.

39. To date, JDS has failed to pay the sum of $1,956,081.14 owed for the Work.

40. D&D expected to be compensated for the reasonable value of its Work performed on behalf of the Project.

41. D&D, therefore, is entitled to *quantum meruit* damages for the value of its costs, labor, and materials, which D&D expended, performed, and provided on behalf of JDS and for which D&D has not been paid, in an amount not less than $1,956,081.14.

42. By reason of the foregoing, D&D has suffered, and is entitled to, damages in an amount to be determined at trial, but which is believed to be not less than $1,956,081.14, plus interest at the statutory rate of nine percent (9%) per annum.

### FIFTH CAUSE OF ACTION
(Prompt Pay Act Violations - General Business Law § 756)

43. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

44. The Project and the aforementioned Contracts fall within the definition of New York General Business Law § 756 (the "Prompt Pay Act").

45. JDS' failure to pay the sum of $1,956,081.14 to D&D is a violation of one or more parts of the Prompt Pay Act.

5

79327195.6

46. By reason of the foregoing, D&D has suffered, and is entitled to, damages in accordance with the Prompt Pay Act in an amount to be determined at trial, but which is believed to be not less than $1,956,081.14, plus interest at the rate set forth in the Prompt Pay Act.

**WHEREFORE,** the Plaintiff D&D Electrical Construction Company Inc. respectfully demands judgment in its favor and against Defendants JDS Construction Group LLC and 616 First Avenue LLC as follows:

A. On the First Cause of Action, judgment against JDS in the amount of $1,956,081.14 or such other and further amount to be determined at trial, plus interest at the statutory rate;

B. On the Second Cause of Action, judgment against JDS in the amount of $1,069,219.14 or such other and further amount to be determined at trial, plus interest at the statutory rate;

C. On the Third Cause of Action, judgment against JDS and 616 in the amount of $1,956,081.14 or such other and further amount to be determined at trial, plus interest at the statutory rate;

D. On the Fourth Cause of Action, judgment against JDS in the amount of $1,956,081.14 or such other and further amount to be determined at trial, plus interest at the staturoy rate;

E. On the Fifth Cause of Action, judgment against JDS in the amount of $1,956,081.14 or such other and further amount to be determined at trial in accordance with New York General Business Law § 756; and

6

79327195.6

F.    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 29, 2021

POLSINELLI PC

By: _____
Jason S. Samuels
Daniel J. Swayze
*Attorneys for Plaintiff*
*D&D Electrical Construction Company Inc.*
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199

7

79327195.6

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF ~~NEW YORK~~ Westchester ) ss.:
)

I, **Stephen Buckley**, declare:

I am the President of D&D Electrical Construction Company Inc., a domestic business corporation, and I have been authorized to make this verification on its behalf.

I have read the forgoing Verified Complaint and the contents thereof are true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true based upon my review of the books and records maintained by D&D Electrical Construction Company Inc.

Stephen Buckley

Sworn to before me this
29th day of September, 2021

Notary Public

8