SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------X
D&D ELECTRICAL CONSTRUCTION COMPANY, INC.,

                    Plaintiff,

  -against-

JDS CONSTRUCTION GROUP LLC and 616 FIRST AVENUE LLC,

             Defendants.

------------------------------------------------------------------------X

Index No. 655742/2021

**ANSWER TO VERIFIED COMPLAINT AND COUNTERCLAIM**

NOW COME Defendants JDS CONSTRUCTION GROUP LLC and 616 FIRST AVENUE LLC (collectively, "Defendants"), by and through its attorneys, for their Answer to the Verified Complaint filed by Plaintiff D&D ELECTRICAL CONSTRUCTION COMPANY, INC., ("Plaintiff" or "D&D") and state as follows:

## THE PARTIES AND THE PROJECT

1. Plaintiff D&D is a domestic corporation with a principal place of business located at 18 West 27th Street, 12th Floor, New York, NY 10001.

**ANSWER:** Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 1, deny same and demand strict proof thereof.

2. Upon information and belief, Defendant JDS is a domestic limited liability company with a principal place of business located at 600 Mamaroneck Avenue, Suite 400, Harrison, New York, 10528.

**ANSWER:** Defendants admit JDS is a domestic limited liability company, but deny that the principal place of business is the address stated. Defendants state that JDS's principal place of business is 104 5th Avenue, 9th Floor, New York, NY 10011.

3. Upon information and belief, 616 is a foreign limited liability company with a

1

0 = 1 " "  4307278 v1 - 07234 / 002  4307278 v1 - 07234 / 002   4307278 v1 - 07234 / 002

principal place of business 600 Mamaroneck Avenue, Suite 400, Harrison, New York, 10528.

**ANSWER:** Defendants admit 616 is a foreign limited liability company, but deny that the principal place of business is the address stated. Defendants state that JDS's principal place of business is 104 5th Avenue, 9th Floor, New York, NY 10011.

## FACTS COMMON TO ALL CAUSES OF ACTION

4. In or about August through September of 2015 D&D entered into a series of six (6) written agreements (the "Contracts") with JDS pursuant to which D&D agreed to provide certain labor and materials, including but not limited to electrical work (the "Work") to a construction project (the "Project") located at 626 First Avenue, New York, New York 10016 (the "Property").

**ANSWER:** Defendants admit to the allegations contained in Paragraph 4.

5. Upon information and belief, 616 is and was at all relevant times here, the owner of the Property and the Project.

**ANSWER:** Defendants admit to the allegations contained in Paragraph 5.

6. Each of the Contracts corresponded to various scopes of work and "phases" identified by JDS (e.g., switchgear, P Zero, Pl, P2, P3 and P4) with respect to the Project.

**ANSWER:** Defendants admit only that the Contracts provide various necessary terms, including the "scopes of work." Defendants deny remaining allegations contained in Paragraph 6 and state that the terms of the Contracts speak for themselves.

7. Pursuant to the Contracts and in consideration for the Work, D&D was to be paid a total of $21,900,000.00.

**ANSWER:** Defendants deny that the allegations contained in Paragraph 7 properly or accurately state the terms of the Contracts. Answering further, Defendants state that the terms of the Contracts speak for themselves.

8. Throughout the course of the Project, JDS treated the Contracts interchangeably, often intermingling directives, payments and funds. In addition, various work orders/change orders (referred to herein as "change orders") were issued as well with respect to the Project, some of which were unassociated with any of the individual Contracts.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 8.

9.  In addition, D&D submitted change orders to JDS for extra work requested of JDS and provided by D&D.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 9.

10. The value of the change orders performed by D&D at the request of JDS totals $3,293,968.85. Combined with the $21,900,000.00 owed under the Contracts on their face, the complete amount agreed to for the Work was $25,193,969.10 (the "Contract Sum").

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 10.

11. The Work D&D performed for the Project was at the request of and with the express consent and knowledge of JDS and 616.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 11.

12. D&D performed all of the Work requested by JDS as required under the Contracts and the change orders.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 12.

13. To date however, JDS and/or 616 has paid to D&D only a total of $23,237,887.7l leaving a balance of $1,956,081.14 (the "Contract Balance") due and owing.

**ANSWER:** Defendants deny all allegations contained in Paragraph 13.

14. Despite repeated demands by D&D for timely payment of the Contract Balance, JDS has failed to pay it.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 14.

## FIRST CAUSE OF ACTION
(Breach of Contract against JDS)

15. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

**ANSWER:** Defendants restate and reassert their Answers to Paragraphs 1 through 14 as their Answer to Paragraph 15, as if fully set forth herein.

16. D&D performed all of the Work requested by JDS under the Contracts in a competent and workmanlike manner.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 16.

17. JDS failed to pay D&D the Contract Balance owed under the Contracts for the Work performed by D&D at the Project.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 17.

18. JDS's failure to pay the Contract Balance owed to D&D is a breach of the Contracts.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 18.

19. As a result of JDS's breach of the Contracts, D&D has suffered damages in an amount to be determined at trial, but which is believed to be not less than $1,956,081.14.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 19.

## SECOND CAUSE OF ACTION
(Account Stated against JDS)

20. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

**ANSWER:** Defendants restate and reassert their Answers to Paragraphs 1 through 19 as their Answer to Paragraph 20, as if fully set forth herein.

21. Between May 29, 2014 and January 9, 2019, D&D sent to JDS certain requisitions for payment for its Work at the Project totaling not less than $24,307,106.85.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 21.

22. JDS partially paid those requisitions leaving the sum of $1,069,219.14 due and owing.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 22.

23. By retaining these requisitions and failing to refute any particular item contained therein, JDS expressly or implicitly agreed to the account.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 23.

24. Based on the foregoing, these requisitions and change orders constitute an account stated, and upon such account stated the amount of $1,069,219.14 is due to D&D.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 24.

25. JDS failed to pay the $1,069,219.14 account stated.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 25.

26. By reason of the foregoing, D&D has suffered, and is entitled to, damages in an amount to be determined at trial, but which is believed to be not less than $1.069,219.14, plus interest at the statutory rate of nine percent (9%) per annum.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 26.

## THIRD CAUSE OF ACTION
(Unjust Enrichment against JDS and 616)

27. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

**ANSWER:** Defendants restate and reassert their Answers to Paragraphs 1 through 26 as their Answer to Paragraph 27, as if fully set forth herein.

28. In the alternative, if the Court finds that some of the Work performed by D&D was not performed under the Contracts, as set forth herein, D&D provided labor and materials to the Project at JDS and 616's specific request, the total unpaid value of which is $1,956,081.14.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 28.

29. JDS and 616 received substantial value as a result of D&D's provision of the work at the Project as described herein.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 29.

30. D&D has not been paid in full for that labor and material supplied and incorporated into the Property.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 30.

31. It would be unjust to allow JDS and 616 to retain the Work without payment therefore.

**ANSWER:** Defendants state that the allegations contained in Paragraph 31 are conclusions of law for which no response it required. To the extent that the statements in Paragraph 31 are statements of fact, Defendants deny each and every allegation.

32. JDS and 616 have been unjustly enriched in the amount of $1,956,081.14.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 32.

33. By reason of the foregoing, D&D has suffered, and is entitled to, damages in an amount to be determined at trial, but which is believed to be not less than $ 1,956,081.14, plus interest at the statutory rate of nine percent (9%) per annum.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 33.

## FOURTH CAUSE OF ACTION
(*Quantum Meruit* against JDS and 616)

34. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

**ANSWER:** Defendants restate and reassert their Answers to Paragraphs 1 through 33 as their Answer to Paragraph 34, as if fully set forth herein.

35. In the alternative, if the Court finds that some of the Work performed by D&D was not performed under the Contracts, as set forth herein, D&D provided labor and materials to the Project at JDS's specific request, the total unpaid value of which is $1,956,081.14.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 35.

36. JDS accepted D&D's work and retained the benefits of said work without protest or objection thereto.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 36.

37. D&D performed the Work in good faith for JDS with the expectation of receiving compensation for that Work.

**ANSWER:** Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 37, deny same and demand strict proof thereof.

38. JDS accepted the Work performed by D&D.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 38.

39. To date, JDS has failed to pay the sum of $1,956,081.14 owed for the Work.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 39.

40. D&D expected to be compensated for the reasonable value of its Work performed on behalf of the Project.

**ANSWER:** Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 40, deny same and demand strict proof thereof.

41. D&D, therefore, is entitled to *quantum meruit* damages for the value of its costs, labor, and materials, which D&D expended, performed, and provided on behalf of JDS and for which D&D has not been paid, in an amount not less than $1,956,081.14.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 41.

42. By reason of the foregoing, D&D has suffered, and is entitled to, damages in an amount to be determined at trial, but which is believed to be not less than $1,956,081.14, plus interest at the statutory rate of nine percent (9%) per annum.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 42.

## FIFTH CAUSE OF ACTION
(Prompt Pay Act Violations- General Business Law §756)

43. D&D repeats and realleges the foregoing allegations as if set forth fully herein.

**ANSWER:** Defendants restate and reassert their Answers to Paragraphs 1 through 42 as their Answer to Paragraph 43, as if fully set forth herein.

44. The Project and the aforementioned Contracts fall within the definition of New York General Business Law§ 756 (the "Prompt Pay Act").

**ANSWER:** Defendants state that the allegations contained in Paragraph 44 are conclusions of law for which no response it required.

45. JDS' failure to pay the sum of $ 1.956.081.14 to D&D is a violation of one or more parts of the Prompt Pay Act.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 45.

46. By reason of the foregoing, D&D has suffered, and is entitled to, damages in accordance with the Prompt Pay Act in an amount to be determined at trial, but which is believed to be not less than $1,956,081.14, plus interest at the rate set forth in the Prompt Pay Act.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 46.

**WHEREFORE**, and as a result of the foregoing, Defendants, JDS Construction Group, LLC and 616 First Avenue LLC, respectfully requests judgment in their favor and against Plaintiff, D&D Electrical Construction Company as to all causes of action, and any other relief the Court deems proper and just.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought by the doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

All of a portion of the claims asserted in the Verified Complaint and the relief sought by Plaintiff are barred by way of compromise, settlement, accord and satisfaction and/or contract amendment.

### THIRD AFFIRMATIVE DEFENSE

All or a portion of the claims asserted in the Verified Complaint are subject to reduction under the doctrines of set off or recoupment, or both.

### FOURTH AFFIRMATIVE DEFENSE

All or a portion of the claims asserted by Plaintiff in the Verified Complaint are barred by virtue of Plaintiff's breaches and defaults, including material breaches and defaults, under the terms of the Contract(s), approved Change Orders and all documents incorporated therein.

### FIFTH AFFIRMATIVE DEFENSE

All or a portion of the claims asserted by Plaintiff in the Verified Complaint are barred because the Plaintiff abandoned the Project and refused to complete the Work, as required by the Contracts.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole, or in part, for lack of damages and/or its failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused by its own acts or omissions, or the acts or omissions of a third party or third parties over whom Defendants had no control.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, due to its own breach of the Contract.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because any work allegedly performed on the property was defective and/or incomplete.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change its Answer to the Complaint upon completion of appropriate investigation and discovery.

9

0 = 1 " "   4307278 v1 - 07234 / 002  4307278 v1 - 07234 / 002   4307278 v1 - 07234 / 002

**WHEREFORE**, and as a result of the foregoing, Defendants, JDS Construction Group, LLC and 616 First Avenue LLC, respectfully requests judgment in their favor and against Plaintiff, D&D Electrical Construction Company as to all causes of action, and any other relief the Court deems proper and just.

## COUNTERCLAIMS

Counterplaintiff, JDS Construction Group, LLC, by and through its counsel, for its Counterclaim against Counterdefendant D&D Electrical Construction Company, Inc. ("D&D Electrical"), and states as follows:

## PARTIES

1. 616 First Avenue LLC ("Owner"), is a Delaware limited liability company, with its principal place of business at 104 5th Avenue, 9th Floor, New York, New York, 10011.

2. Counterplaintiff JDS Construction Group LLC is a New York limited liability company, with its principal place of business at 104 5th Avenue, 9th Floor, New York, NY 1001. JDS is registered to conduct business in the State of New York.

3. Upon information and belief, counter-defendant D&D Electrical is a limited liability company, with its principal place of business at 18 West 27th Street, 12th Floor, New York, NY 10001.

## FACTUAL BACKGROUND

4. At all times relevant, Owner owned the property located at 626 First Avenue, New York, New York ("Property").

5. At all times relevant, Owner wanted to and intended to construct a two-tower, 40-floor residential building on the Property ("Project").

6. In furtherance of the Project, JDS managed the Project for Owner as the "Construction Manager."

7. As Construction Manager, JDS retained the services of various construction companies, including D&D Electrical.

8. Between May 15, 2014 and September 29, 2015, JDS and D&D Electrical entered into a series of contracts ("Agreements"), whereby D&D Electrical agreed to perform the work that was detailed in and required by each Agreement.

9. In exchange for D&D Electrical's performance JDS agreed to pay for the labor, services and material, pursuant to the terms set forth in the Agreements.

10. As more fully set forth below, D&D Electrical breached one or more of the Agreements with JDS by failing to properly perform and bill for its work.

11. D&D Electrical further materially breached the Agreements when it abandoned the Project, refused to return to the Project and refused to complete that was required under the Agreements.

12. Changes to D&D Electrical's Scope of Work is addressed in the Agreement at Article 39, titled "Changes and Extras."

13. The Agreements required all modifications to the contract be made in writing, prior to performance of any extra or additional work.

14. The Agreements include General Warranties, whereby D&D Electrical warranted, in pertinent part "Contractor [D&D Electrical] shall perform the Work in the best and most workmanlike manner, expeditiously and in conformity with the requirements of the Contract Documents."

15. To the extent that D&D Electrical failed to honor this obligation and after proper notice, JDS had the right to issue a deductive Change Order to reduce the Contract Price of the Agreements.

16. Beginning in March 2019 and continuing at least until April 13, 2021, JDS advised D&D Electrical of specific defects in D&D Electrical's performance.

17. JDS directed D&D Electrical to make corrective repairs and/or bring D&D Electrical's Work into conformity with the Contract Documents.

18. D&D Electrical refused or otherwise failed to make correct repairs and/or bring D&D Electrical's Work into conformity with the Contract Documents.

19. After D&D Electrical refused to honor its obligations of the Agreement, with respect to correcting defective or non-conforming work, JDS retained services of other contractors to make corrective repairs.

20. JDS incurred costs of at least $320,618.53 to make corrective repairs to D&D Electrical's defective or non-conforming work.

21. JDS continues to evaluate D&D Electrical's Work in order to ascertain whether other Work is defective or otherwise fails to conform to the requirements of the Contract Documents.

22. D&D Electrical last performed work for the Project on March 5, 2019.

23. As of today, D&D Electrical has not completed the Work, as described in and described by the Agreements.

24. JDS will incur addition and yet undetermined costs to complete D&D Electrical's incomplete Work.

## COUNT I
## BREACH OF THE CONSTRUCTION CONTRACT
### (Brought By JDS)

25. JDS incorporates by reference the allegations in Paragraphs 1 through 24, as its Paragraph 25, as if fully set forth herein.

26. The Agreements, separately, are valid and enforceable contracts.

27. D&D Electrical materially breached the Agreement by failing to timely correct its defective and non-conforming Work.

28. D&D Electrical materially breached the Agreement when it abandoned the Project on March 5, 2019.

29. D&D Electrical materially breached the Agreement when it failed to complete the Work, as required in the Agreements.

30. As a direct and proximate result of D&D Electrical's material breaches of the Agreements, JDS has incurred damages of at least $320,618.53, plus interest, attorneys' fees and costs.

**WHEREFORE**, JDS Construction Group, LLC prays for judgment in its favor and against D&D Electrical Construction Company, Inc., for an amount JDS Construction Group, LLC is able to prove at trial, but not less than $320,618.53, and any other relief the Court deems proper and just.

Dated: January 31, 2022.

        THE LAW OFFICES OF CYNTHIA A. AUGELLO, PC

        *Cynthia A. Augello*

By: _____
Cynthia A. Augello
65 Hilton Ave.
Garden City, New York 11530
Phone: (516) 888-1208

Counsel for Defendants:
*JDS Construction Group LLC and*
*616 First Avenue LLC,*

## VERIFICATION

STATE OF NEW YORK    )
                                     )
COUNTY OF NASSAU   )

CYNTHIA A. AUGELLO, an attorney admitted to practice in the State of New York, affirms: That the undersigned is the attorney of record for the Counterclaimant/Defendant JDS CONSTRUCTION GROUP, LLC and 616 FIRST AVENUE LLC, in the within matter; that the undersigned has read the foregoing Answer and knows the contents thereof; that the same are true to the affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned, and not by the claimants herein, is that the Defendants' principal places of business are not in the county where the attorney has her office.

The grounds of affirmant's belief as to all matters not stated to be on affirmant's knowledge, are as follows: A review of the file, books, records, correspondence, documents and information provided by the defendants, and discussions with the defendants' representatives.

The undersigned affirms the that the foregoing statements of this Verification are true under the penalty of perjury.

January 31, 2022
Garden City, New York

/s/ Cynthia A. Augello
Cynthia A. Augello