SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
D&D ELECTRICAL CONSTRUCTION COMPANY INC.,

    Index No. 655742/2021

               Plaintiff,

  -against-

**VERIFIED REPLY TO**
**COUNTERCLAIM**

JDS CONSTRUCTION GROUP LLC and 616 FIRST
AVENUE LLC,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff D&D Electrical Construction Company Inc. ("Plaintiff" or "D&D"), by its attorneys, Polsinelli PC, as and for its Verified Reply to Counterclaim (the "Reply") to the Answer to Verified Complaint and Counterclaim of Defendants JDS Construction Group LLC ("JDS"), and 616 First Avenue LLC ("616", and collectively, "Defendants"), filed on January 31, 2022 (the "Answer"), states and alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "1" of the "Counterclaims" section of the Answer.

       2.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "2" of the "Counterclaims" section of the Answer.

       3.     Denies the allegations in Paragraph "3" of the "Counterclaims" section of the Answer, except admits that D&D maintains a place of business located at 18 West 27th Street, 12th Floor, New York, New York 10001.

       4.     Admits the allegations in Paragraph "4" of the "Counterclaims" section of the Answer.

81862947.4

5. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "5" of the "Counterclaims" section of the Answer.

6. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "6" of the "Counterclaims" section of the Answer.

7. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "7" of the "Counterclaims" section of the Answer except admits that D&D was hired to perform electrical construction work at the Project.

8. Denies the allegations in Paragraph "8" of the "Counterclaims" section of the Answer except admits that D&D entered into a series of written agreements with Defendant JDS to which D&D agreed to provide electrical construction work to the Project and D&D respectfully refers the Court to those agreements for the terms and conditions contained therein.

9. Denies the allegations in Paragraph "9" of the "Counterclaims" section of the Answer, except admits that D&D entered into a series of written agreements with Defendant JDS to which D&D agreed to provide electrical construction work to the Project and D&D respectfully refers the Court to those agreements for the terms and conditions contained therein.

10. Denies the allegations in Paragraph "10" of the "Counterclaims" section of the Answer.

11. Denies the allegations in Paragraph "11" of the "Counterclaims" section of the Answer.

12. Denies the allegations in Paragraph "12" of the "Counterclaims" section of the Answer, except admits that D&D entered into a series of written agreements with Defendant JDS to which D&D agreed to provide electrical construction work to the Project and D&D respectfully refers the Court to those agreements for the terms and conditions contained therein.

13. Denies the allegations in Paragraph "13" of the "Counterclaims" section of the Answer, except admits that D&D entered into a series of written agreements with Defendant JDS to which D&D agreed to provide electrical construction work to the Project and D&D respectfully refers the Court to those agreements for the terms and conditions contained therein.

14. Denies the allegations in Paragraph "14" of the "Counterclaims" section of the Answer, except admits that D&D entered into a series of written agreements with Defendant JDS to which D&D agreed to provide electrical construction work to the Project and D&D respectfully refers the Court to those agreements for the terms and conditions contained therein.

15. Denies the allegations in Paragraph "15" of the "Counterclaims" section of the Answer, except admits that D&D entered into a series of written agreements with Defendant JDS to which D&D agreed to provide electrical construction work to the Project and D&D respectfully refers the Court to those agreements for the terms and conditions contained therein.

16. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "16" of the "Counterclaims" section of the Answer.

17. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "17" of the "Counterclaims" section of the Answer.

18. Denies the allegations in Paragraph "18" of the "Counterclaims" section of the Answer.

19. Denies the allegations in Paragraph "19" of the "Counterclaims" section of the Answer.

20. Denies the allegations in Paragraph "20" of the "Counterclaims" section of the Answer.

21. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "21" of the "Counterclaims" section of the Answer.

22. Denies the allegations in Paragraph "22" of the "Counterclaims" section of the Answer.

23. Denies the allegations in Paragraph "23" of the "Counterclaims" section of the Answer.

24. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "24" of the "Counterclaims" section of the Answer.

25. Plaintiff repeats and realleges the responses to Paragraph "1" through Paragraph "24" of the "Counterclaims" section of the Answer as if fully set forth at length herein.

26. The allegations in Paragraph "26" of the "Counterclaims" section of the Answer represent a legal conclusion to which no response is required. To the extent that a response is required, D&D denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "26" of the "Counterclaims section of the Answer.

27. Denies allegations in Paragraph "27" of the "Counterclaims" section of the Answer.

28. Denies allegations in Paragraph "28" of the "Counterclaims" section of the Answer.

29. Denies allegations in Paragraph "29" of the "Counterclaims" section of the Answer.

30. Denies allegations in Paragraph "30" of the "Counterclaims" section of the Answer.

## **AFFIRMATIVE DEFENSES**

As separate and distinct defenses to JDS' alleged counterclaims, Plaintiff D&D, without conceding it bears the burden of proof as to any of them, and without in any way admitting any of the allegations of the "Counterclaims" section of the Answer, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

31. The Answer fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

32. JDS has failed to prevent, minimize, or mitigate its damages.

## THIRD AFFIRMATIVE DEFENSE

33. JDS' counterclaims are barred by the terms of the parties' agreements.

## FOURTH AFFIRMATIVE DEFENSE

34. JDS has suffered no damages and are not entitled to the amounts claimed to in the Answer.

## FIFTH AFFIRMATIVE DEFENSE

35. JDS' counterclaims are barred by documentary evidence.

## SIXTH AFFIRMATIVE DEFENSE

36. JDS seeks to be unjustly enriched through its counterclaims, which therefore should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

37. JDS' counterclaims are barred by the doctrines of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

38. JDS' counterclaims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

## NINTH AFFIRMATIVE DEFENSE

39. JDS' counterclaims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

40.     JDS' counterclaims are barred because of their own culpable conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

41.     JDS' claims are barred by the doctrine of release.

### TWELFTH AFFIRMATIVE DEFENSE

42.     JDS' counterclaims are barred by JDS' failures to perform a condition precedent to Plaintiff's performance.

### THIRTEENTH AFFIRMATIVE DEFENSE

43.     Plaintiff reserves the right to rely upon any and all other further appropriate defenses, including those which may become available or appear during discovery proceedings in this action, and hereby specifically reserves the right to amend its Reply for the purposes of asserting such additional defenses.

**WHEREFORE,** the Plaintiff D&D Electrical Construction Company Inc. respectfully demands judgment in its favor and against Defendant JDS Construction Group, LLC as follows:

A.      Dismissing the Counterclaim in its entirety, with prejudice;

B.      Awarding D&D Electrical Construction Company Inc. its reasonable attorneys' fees, costs, and expenses; and

C.      For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 22, 2022

                      POLSINELLI PC

By: _____
    Jason S. Samuels
    Daniel J. Swayze
    *Attorneys for Plaintiff*
    600 Third Avenue, 42nd Floor
    New York, New York 10016
    (646) 289-6509

TO: Cynthia A. Augello, Esq.
     The Law Offices of Cynthia
     A. Augello, PC
    *Attorney for Defendants*
    65 Hilton Avenue
    Garden City, New York 11530
    (516) 888-1208

7

81862947.4

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF WESTCHESTER  )

I, **Stephen Buckley**, declare:

I am the President of D&D Electrical Construction Company Inc., a domestic business corporation, and I have been authorized to make this verification on its behalf.

I have read the foregoing Verified Reply to Counterclaim and the contents thereof are true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true based upon my review of the books and records maintained by D&D Electrical Construction Company Inc.

_____
Stephen Buckley

Sworn to before me this
22nd day of February 2022

_____
Notary Public



81862947.3